IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
COUNCIL BLUFFS DIVISION

| | |
|---|---|
| CHOICE HOTELS INTERNATIONAL, INC.<br><br>        Plaintiff<br><br>vs.<br><br>MIG INC. and AMIRALI ZAKIRALI<br><br>        Defendants. | Civil Action No._____ |

**COMPLAINT**

**COMES NOW** the Plaintiff, Choice Hotels International, Inc., by and through its legal counsel,
and in support of its Complaint against Defendants MIG, Inc and Amirali Zakirali does hereby
allege and aver:

**Nature of Action**

1. This is a civil action for Trademark Infringement arising under the Lanham Act.

**Parties**

2. The Plaintiff, Choice Hotels International, Inc., is a Delaware corporation, licensed to
   conduct business in the State of Wisconsin, having a principal place of business at 915
   Meeting St North Bethesda, MD 20852.

3. Upon information and belief, Defendant MIG Inc. is an Iowa corporation having a business
   at 108 N. Fremont St., Shenandoah, IA 51601.

4. Upon information and belief, Defendant Amirali Zakirali is a natural person, is an owner
   of Defendant MIG Inc. and routinely conducts business in this State and District by, *inter*

*alia*, engaging in the provision of hotel services at 108 N. Fremont St., Shenandoah, IA 51601.

**Jurisdiction and Venue**

5. This Court has both diversity and federal question jurisdiction over this case.

6. This Court has diversity jurisdiction in this matter pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000.00 and the parties are citizens of different States.

7. This Court has original federal question jurisdiction over the Lanham Act claims in this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1338(a).

8. This Court has original jurisdiction in this case pursuant to 28 U.S.C. §1338(b) because this civil action asserts a claim of unfair competition joined with a substantial and related claim under the trademark laws.

9. This Court has supplemental jurisdiction over the state and common law claims in this action pursuant to 28 U.S.C. §1367(a) because those claims are so related to the Lanham Act claims so as to form part of the same case or controversy under Article III of the United States Constitution.

10. Upon information and belief, each Defendant has sufficient contacts with this State and District such that this Court's exercise of general and specific personal jurisdiction over them comports with traditional notions of fair play and substantial justice.

11. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

12. Choice Hotels International, Inc. (hereinafter, "Choice Hotels") is in the business of franchising hotels.

13. Choice Hotels can trace its roots to the 1930s when it was comprised of a small chain of roadside hotels.

14. Since that time, Choice Hotels has grown to become one of the largest and most successful lodging franchisors in the world.

15. Choice Hotels is now a publicly traded company with over 7,100 franchised hotels in nearly 40 countries and territories around the world.

16. Choice Hotels offers high value, mid-priced, hotel and motel services under such well-known brands as ASCEND HOTEL COLLECTION®. CAMBRIA®. COMFORT®, SLEEP®, QUALITY®, CLARION®, CLARION POINTE®, MAINSTAY SUITES®, WOODSPRING SUITES®, SUBURBAN EXTENDED STAY®, ECONO LODGE®, AND RODEWAY INN®.

17. Choice Hotels and/or its predecessor in interest has been offering lodging services under a family of COMFORT-formative trademarks since at least as early as 1981.

18. Many of the marks in the COMFORT® Family of Marks are the subject of Federal Registrations issued by The United States Patent and Trademark Office.

19. Choice Hotels is the owner of no fewer than 25 Federal Trademark Registrations for marks that contain or comprise the term COMFORT for use in connection with lodging and related services.  These registrations include:

| No | Mark | Registration No | Status |
|----|------|-----------------|--------|
| 1. | | 5802508 | Incontestable |

| 2. | | 5802507 | Incontestable |
|---|---|---|---|
| 3. | | 5802506 | Incontestable |
| 4. | | 5741435 | Incontestable |
| 5. | | 5682185 | Incontestable |
| 6. | COMFORT SUITES | 4279333 | Incontestable |
| 7. | | 3231180 | Incontestable |
| 8. | | 3231176 | Incontestable |
| 9. | COMFORT SUNSHINE | 3164021 | Incontestable |
| 10. | COMFORT INN & SUITES | 3050883 | Incontestable |
| 11. | COMFORT INN | 3050882 | Incontestable |

| 12. | COMFORT HOTEL | 3050881 | Incontestable |
|---|---|---|---|
| 13. | COMFORT HOTEL & SUITES | 3050880 | Incontestable |
| 14. | COMFORT RESORT | 3050877 | Incontestable |
| 15. | | 3050868 | Incontestable |
| 16. | | 3050866 | Incontestable |
| 17. | | 3050860 | Incontestable |
| 18. | | 3050364 | Incontestable |
| 19. | | 3050363 | Incontestable |
| 20. | | 3449308 | Incontestable |
| 21. | | 2665525 | Incontestable |

| 22. | COMFORT INN & SUITES | 2264702 | Incontestable |
|---|---|---|---|
| 23. | COMFORT | 1788677 | Incontestable |
| 24. | COMFORT SUITES | 1712482 | Incontestable |
| 25. | COMFORT HOTEL | 1712481 | Incontestable |
| 26. | COMFORT INN | 1448467 | Incontestable |
| 27. | COMFORT INN | 1315180 | Incontestable |

Copies of the relevant certificates of registration are attached hereto as Exhibit 1.

20. All of the COMFORT® Registrations in the COMFORT® Family of Marks have achieved incontestable status pursuant to Section 15 of the Lanham Act, 15 U.S.C. §1065.

21. Since the inception of their use, the service marks described in Paragraph 19 above (hereinafter, collectively, "the COMFORT® Family of Marks"), have been used by Choice Hotels, its predecessors, and franchisees only in connection with the provision of the highest value hotel and motel services.

22. Each registration identified in Paragraph 19 above remains active, valid, and enforceable.

23. Choice Hotels has invested, and continues to invest, significant resources in the development, promotion, and protection of the COMFORT® Family of Marks.

24. As a result of its concerted branding efforts, the COMFORT® Family of Marks have become widely associated, in the minds of the consuming and general public, with the goods and services offered by Choice Hotels.

25. The marks in the COMFORT® Family of Marks are indicative to both the trade industry and to consumers that items bearing, or services offered under, the COMFORT® marks originate from, or are sponsored or approved by, Choice Hotels, and constitute genuine and authentic Choice Hotels goods and services.

26. Defendants are former franchisees of Choice Hotels who were, at one time, authorized to operate the hotel located at the Subject Property as a QUALITY® Franchise.

27. On or about January 31, 2023, Choice Hotels entered into a Franchise Agreement with MIG Inc. which permitted MIG Inc to operate a QUALITY® Franchise at 108 N. Fremont St., Shenandoah IA, 51601 (hereinafter, the "Subject Property"). A true and correct copy of the Franchise Agreement is attached hereto as Exhibit 2.

28. On or about January 31, 2023, Choice Hotels also entered into a Guaranty Agreement with Defendant Amirali Zakirali whereby Defendant Amirali Zakirali personally guaranteed the obligations imposed on MIG Inc under the Franchise Agreement identified in enumerated Paragraph 26 above.  A true and correct copy of the Guaranty is attached hereto as Exhibit 3.

29. Thereafter, Defendants MIG Inc and Amirali Zakirali  (hereinafter, collectively, "MIG") operated a QUALITY® Franchise at the Subject Property.

30.  The Franchise Agreement specifically licensed the QUALITY® Family of Marks to MIG for so long as the Franchise Agreement remained in effect.

31. Section 11 of the Franchise Agreement states that upon termination, MIG must immediately discontinue use of all trademarks belonging to Choice Hotels and that MIG must refrain from using the Choice Hotels trademarks to identify the hotel at the Subject Property.

32. The Franchise Agreement **DID NOT** license the COMFORT® Family of Marks to MIG and nothing in the Franchise Agreement permits MIG to use any of the marks in the COMFORT® Family of Marks in connection with the provision of hotel services at the Subject Property.

33. Prior to June 29, 2025, MIG defaulted on its material obligations under Section 10 of the Franchise Agreement by ceasing hotel operations at the Subject Property.

34. Baba Nanak's cessation of hotel operations at the Subject Property constitutes an abandonment of the Franchise Agreement.

35. Accordingly, on or about September 5, 2025, Choice Hotels issued a Notice of Termination, via FedEx delivery service, to MIG. A true and correct copy of the Notice of Termination is attached hereto as Exhibit 4.

36. The Notice of Termination was issued as a result of MIG'S cessation of hotel operations and its failure to make timely payment of its franchise and related fees.

37. The Notice of Termination further advised MIG that, under the terms of the Franchise Agreement, Choice Hotels was entitled to $158,871.42 in past due franchise and related fees plus $60,480.00 for the remainer of the franchise term.

38. The Notice of Termination demanded that MIG tender full payment of the $219,351.42 balance due and owning.

39. The Notice of Termination also instructed MIG to immediately cease and desist use of any and all marks owned by Choice Hotels.  The Notice of Termination provided MIG with specific post-termination instructions, including a De-identification checklist, regarding cessation of use and the removal of Choice Hotels' trademarks from the Subject Property.

40. The Notice of Termination informed MIG that continued use of the QUALITY® Family of Marks would constitute trademark infringement and would be dealt with accordingly.

41. The Notice of Termination further demanded that MIG tender a Certificate of Compliance indicating that it had de-branded and completely ceased use of the QUALITY® Family of Marks at the Subject Property.

42. The Notice of Termination further indicated that Choice Hotels would proceed with appropriate legal action if its demands were not met.

43. The Notice of Termination further indicated that Choice Hotels was entitled liquidated damages for trademark infringement, in the amount of $2,500.00 per day, for each day that Defendants continued to use the Choice Hotels trademarks post-termination.

44. Upon information and belief, MIG did not comply with the requirements set forth in the Notice of Termination.

45. MIG did not tender full payment of the $219,351.42 balance due and owning.

46. MIG did not tender a Certificate of Compliance.

47. Thereafter, Choice Hotels discovered that while MIG apparently ceased operating the hotel at the Subject Property as a QUALITY® Franchise, it subsequently began operating the hotel at the Subject Property under the moniker COMFORT INN EXPRESS.

48. A Google Street View listing from December 2025 shows COMFORT INN EXPRESS signage on the hotel:



49. MIG is not now, nor has it ever been, party to a Franchise Agreement with Choice Hotels which would permit MIG to operate the Subject Property using any of the marks in the COMFORT® Family of Marks.

50. In addition to the physical signage at the Subject Property, MIG are using the COMFORT INN EXPRESS moniker to advertise hotel services on major third-party booking sites such as www.hotels.com. A true and correct copy of a screenshot from the www.hotels.com website on July 21, 2026 appears below:



51. Choice Hotels has never licensed the COMFORT INN® mark, or any other mark in the COMFORT® Family of Marks, to Defendants for use in connection with the provision of hotel services at The Subject Property.

52. Accordingly, on or about March 03, 2026, outside counsel for Choice Hotels sent a cease-and-desist letter, by FedEx® delivery service, to MIG Inc. regarding use of the COMFORT INN EXPRESS moniker at the Subject Property. A true and correct copy of the March 03, 2026 cease-and-desist letter is attached hereto as Exhibit 5.

53. The cease-and-desist letter specifically informed MIG that Choice Hotels owns a family of COMFORT® trademarks for use in connection with the provision of hotel and motel services.

54. The cease-and-desist letter further reminded MIG that it was no longer authorized to use any of the Choice Hotels marks, including those in the COMFORT® Family of Marks, or

any marks confusing similar thereto, in connection with the provision of hotel services at The Subject Property.

55.  The cease-and-desist letter further informed MIG that unauthorized use of the COMFORT INN EXPRESS moniker at The Subject Property constitutes trademark infringement and unfair competition.

56. The cease-and-desist letter demanded that MIG provide written and photographic evidence, no later than Friday, March 20, 2026, that they had completely discontinued use of the COMFORT® Family of Marks at The Subject Property and online.

57. The cease-and-desist letter advised MIG that the Friday, March 20, 2026 deadline did not constitute permission to use the mark nor did it constitute a reprieve from incurring damages.

58.  Defendants did not respond to the cease-and-desist letter.

59. Thereafter, Choice Hotels discovered that MIG continued to use the COMFORT INN EXPRESS moniker in, around, and in publicity for, the hotel located at the Subject Property.

60. Specifically, on or about July 13, 2026, a Choice Hotels field representative conducted a site inspection of the Subject Property and discovered that the COMFORT INN EXPRESS moniker was still in use. A true and correct copy of a photograph taken at the Subject Property on July 13, 2026 appears below:



61. Upon information and belief, MIG continues to use the COMFORT INN

EXPRESS moniker in connection with the provision of hotel services at the Subject

Property.

62. Upon information and belief, MIG continues to use the COMFORT INN

EXPRESS moniker to advertise hotel services on major third-party booking sites such as

www.hotels.com.

63. MIG have used and are using the COMFORT INN EXPRESS moniker in connection with the provision of hotel services without authorization or permission from Choice Hotels.

64. MIG's use of the COMFORT INN EXPRESS moniker creates a likelihood of consumer confusion with the COMFORT® Family of Marks, including the COMFORT INN® mark, owned by Choice Hotels.

65. The continued unauthorized use of the COMFORT INN EXPRESS moniker has irreparably damaged, and will continue to irreparably damage, the valuable good will associated with the COMFORT® Family of Marks, including the COMFORT INN® marks, owned by Choice Hotels.

## CLAIM I
### Infringement of Federally Registered Trademark
### (15 U.S.C. §1114)

66. Paragraphs 1- 65 are incorporated by reference herein as though set forth in their entirety.

67. Choice Hotels is the owner of a Family of COMFORT® marks which it uses in connection with the provision of hotel and motel services.  Included in that family of marks are at least the following United States Trademark Registrations Nos. 5802508; 5802507; 5802506; 5741435; 5682185; 4279333; 3231180; 3231176; 3164021; 3050883; 3050882; 3050881; 3050880; 3050877; 3050868; 3050866; 3050860; 3050364; 3050363; 3449308; 2665525; 2264702; 1788677; 1712482; 1712481; 1448467 and 1315180.

68. Choice Hotels never licensed the COMFORT® Family of Marks to Defendants for use in connection with the provision of hotel services at The Subject Property.

69. Upon information and belief, Defendants had actual knowledge of the COMFORT® Family of Marks owned by Choice Hotels and, without the consent of Choice Hotels, knowingly and deliberately used the COMFORT® Family of Marks in commerce, in a

manner likely to cause confusion, mistake, or deception in violation of Section 32(a) of the Lanham Act, 15 U.S.C. §1114(1).

70. Specifically, Defendants have used and are using the moniker COMFORT INN EXPRESS in connection with the provision of hotel services at The Subject Property which creates a likelihood of consumer confusion with the COMFORT INN® mark and the COMFORT® Family of Marks owned by Choice Hotels.

71. The acts of MIG as described herein constitute infringement of one or more of Choice Hotels' federally registered trademarks.

72. As a direct and proximate cause of the infringing acts of MIG, Choice Hotels has been damaged in an amount to be determined at trial.

73. Choice Hotels is entitled to injunctive relief under 15 U.S.C. §1116, and to recover its damages, the profits of MIG and the cost of the action under 15 U.S.C. §1117.

74. The acts of MIG as described herein warrant this case being designated as exceptional under 15 U.S.C. §1117 and the imposition of treble damages and attorneys' fees.

75. The acts of MIG as described herein have caused and will continue to cause serious irreparable injury to Choice Hotels and to the good will associated with the COMFORT® Family of Marks unless restrained and enjoined by this Court. Choice Hotels has no adequate remedy at law.

## CLAIM II
### Federal Unfair Competition – False Designation of Origin
### (15 U.S.C. §1125(a))

76. Paragraphs 1- 75 are incorporated by reference herein as though set forth in their entirety.

77. Upon information and belief, MIG had actual knowledge of the COMFORT® Family of Marks owned by Choice Hotels and, without the consent of Choice Hotels, knowingly and

deliberately used, and continues to use, in commerce marks which are likely to cause confusion, mistake, or deception in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)).

78. Upon information and belief, MIG used one or more of the marks in the COMFORT® Family of Marks in commerce in connection with the provision of hotel and motel services.

79. Such use constitutes a false designation of origin, and/or a false or misleading description and/or representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between Choice Hotels and MIG, or as to the origin, sponsorship, or approval of the services or commercial activities of MIG by Choice Hotels.

80. As a direct and proximate cause of the acts of MIG as described herein, Choice Hotels has been damaged in an amount to be determined at trial.

81. Choice Hotels is entitled to injunctive relief under 15 U.S.C. §1116, and to recover its damages, the profits of MIG and the cost of the action under 15 U.S.C. §1117.

82. The acts of MIG as described herein warrant this case being designated as exceptional under 15 U.S.C. §1117 and the imposition of treble damages and attorneys' fees.

83. The acts of MIG as described herein have caused and will continue to cause serious irreparable injury to Choice Hotels and to the good will associated with the COMFORT® Family of Marks unless restrained and enjoined by this Court. Choice Hotels has no adequate remedy at law.

## CLAIM III

### Iowa Common Law Trademark Infringement

84. Paragraphs 1-83 are incorporated by reference herein as though set forth in their entirety.

85. Upon information and belief, MIG had actual knowledge of the COMFORT® Family of Marks owned by Choice Hotels and, without the consent of Choice Hotels, knowingly and deliberately used, and continues to use, in commerce marks which are likely to cause confusion, mistake, or deception in violation of the common law of Iowa.

86. Upon information and belief, MIG has used, and continues to use, one or more of the marks in the COMFORT® Family of Marks.

87. Such use is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between Choice Hotels and MIG, or as to the origin, sponsorship, or approval of the services or commercial activities of MIG by Choice Hotels.

88. MIG has used marks in commerce in connection with the provision of hotel and motel services which are likely to create consumer confusion in the marketplace; therefore those activities constitute trademark infringement under the common law of Iowa.

89. As a direct and proximate cause of the acts of MIG as described herein, Choice Hotels has been damaged in an amount to be determined at trial.

90. Choice Hotels has been damaged by the conduct of MIG as described herein and will continue to be so damaged in the absence of relief from this Court.

91. The acts of MIG as described herein have caused and will continue to cause serious irreparable injury to Choice Hotels and to the good will associated with the COMFORT® Family of Marks unless restrained and enjoined by this Court. Choice Hotels has no adequate remedy at law.

**CLAIM IV**

**(Unfair Competition under IPRA CFA, Iowa Code § 714H.1 and the Common Law of Iowa)**

92. Paragraphs 1-91 are incorporated by reference herein as though set forth in their entirety.

93. Upon information and belief, MIG had actual knowledge of the COMFORT® Family of Marks owned by Choice Hotels and, without the consent of Choice Hotels, knowingly and deliberately used, and continues to use, in commerce, in connection with the provision of hotel and motel services marks which are likely to cause confusion, mistake, or deception in violation of the IPRA CFA, Iowa Code § 714H.1 and the Common Law of Iowa.

94. Upon information and belief, MIG has used, and continues to use, one or more of the marks in the COMFORT® Family of Marks in commerce in connection with the provision of hotel and motel services.

95. The acts of MIG as described herein are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between Choice Hotels MIG, or as to the origin, sponsorship, or approval of the services or commercial activities of MIG by Choice Hotels.

96. MIG has used marks in commerce in connection with the provision of hotel and motel services which are likely to create consumer confusion in the marketplace; therefore those activities constitute unfair competition under the IPRA CFA, Iowa Code § 714H.1 and the Common Law of Iowa.

97. As a direct and proximate cause of the acts of MIG as described herein, Choice Hotels has been damaged in an amount to be determined at trial.

98. Choice Hotels has been damaged by the conduct of MIG as described herein and will continue to be so damaged in the absence of relief from this Court.

99. The acts of MIG as described herein were committed in bad faith and have caused and will continue to cause serious irreparable injury to Choice Hotels and to the good will associated

with the COMFORT® Family of Marks unless restrained and enjoined by this Court. Choice Hotels has no adequate remedy at law.

**WHEREFORE**, Choice Hotels prays:

A. That each of the Named Defendants (*e.g.* MIG Inc and Amirali Zakirali), jointly and severally, their agents, servants, employees and attorneys and all those in active concert or participation with them, be permanently and forever enjoined from using any of the marks in the COMFORT® Family of Marks, including but not necessarily limited to, the marks appearing in United States Trademark Registration Nos.: or any mark confusingly similar thereto;

B. That each of the Named Defendants (*e.g.* MIG Inc and Amirali Zakiral), jointly and severally, be found liable for Federal Trademark Infringement and Federal Unfair Competition resulting from its use of one or more of the marks in the COMFORT® Family of Marks.

C. That Choice Hotels be awarded judgment for damages against each of the Named Defendants (e.g. MIG Inc and Amirali Zakiral), jointly and severally, resulting from violation of Sections 32(a) of the Lanham Act (15 U.S.C. §1114) and 43(a) of the Lanham Act (15 U.S.C. §1125(a)) for Federal Trademark Infringement and Federal Unfair Competition, respectively, in an amount to be fixed by the Court which in its discretion it finds just, including:

1) all profits received by each Named Defendant from sales and revenues of any kind as a result of the actions complained of herein; and

2) all damages sustained by Choice Hotels as a result of each Named Defendants' acts of infringement and unfair competition, and that such damages be trebled; and

3) that, in light of the deliberate and willful actions of each Named Defendant this action be designated an exceptional case, thereby entitling Choice Hotels to an award of all reasonable attorneys' fees, costs, and disbursements incurred by Choice Hotels as a result of this action, pursuant to 15 U.S.C. § 1117, and that Choice Hotels be awarded such relief;

D.  That Choice Hotels be awarded judgment for damages, in an amount to be determined at trial, against each of the Named Defendants (*e.g.* MIG Inc and Amirali Zakiral), jointly and severally, resulting from their common law trademark infringement;

E. That Choice Hotels be awarded judgment for damages, in an amount to be determined at trial, against each of the Named Defendants (*e.g.* MIG Inc and Amirali Zakiral), jointly and severally, resulting from their Unfair Competition under IPRA CFA, Iowa Code § 714H.1 and the Common Law of Iowa;

F.  That Choice Hotels be awarded the costs and attorneys' fees it incurs in this action; and

G.  That this Court award any and all relief not here enumerated that this Court should deem just and equitable.

Dated: August 4, 2026

ZENOR LAW FIRM, PLC

By: /s/ *Adam D. Zenor*
        Adam D. Zenor, AT0009698

By: /s/ *Derek R. LaBrie*
        Derek R. LaBrie, AT0014157

106 SW 7th St., Suite 400
Des Moines, IA 50309
Phone: 515.650.9005
Fax: 515.206.2654
adam@zenorlaw.com
derek@zenorlaw.com

STOBBS

By: /s/ *Matthew Landeheim*
   Matthew Landeheim, *Pro Hac Vice*
   forthcoming

Matthew Landeheim
214 W Tremont Ave Suite 303
Charlotte, NC 28203
Phone: 704.702.6007
matthew.ladenheim@iamstobbs.com

ATTORNEYS FOR PLAINTIFF